**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

---

| | |
|---|---|
| HARTFORD UNDERWRITERS INSURANCE, and TWIN CITY FIRE INSURANCE COMPANY | Case No. 7:23-cv-29 |
| Plaintiffs, | **COMPLAINT** |
| - against - | |
| T. YORKMAN TRUCKING LLC, D/B/A ROADRUNNER TRUCKING, | |
| Defendant. | |

---

Plaintiffs, Hartford Underwriters Insurance Company and Twin City Fire Insurance Company, by and through their undersigned attorneys, as and for their Complaint against defendant, T. Yorkman Trucking LLC, D/B/A Roadrunner Trucking, alleges as follows:

**Nature of Action**

1. This is an action to recover money damages based upon the failure of Defendant to pay the full premiums owed under certain insurance policies issued by Plaintiffs.

**Parties**

2. Plaintiff Hartford Underwriters Insurance Company is a Connecticut corporation. Plaintiff Twin City Fire Insurance Company is an Indiana corporation. Both plaintiffs maintain their principal place of business at One Hartford Plaza, Hartford, Connecticut 06155. Collectively, Hartford Underwriters Insurance Company and Twin City Fire Insurance Company are referred to as "Plaintiffs" or "The Hartford".

3.      Defendant T. Yorkman Trucking LLC, doing business as Roadrunner Trucking ("Defendant"), is a Texas limited liability company, which at all relevant times herein maintained its principal place of business at 1905 WCR 137 Midland, Texas 79706.

4.      Upon information and belief formed after conducting a diligent search of the public records, the sole member of Defendant is also a citizen of the Texas who has no connection to the States of Connecticut or Indiana for purposes of diversity jurisdiction.

## Jurisdiction and Venue

5.      This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1) because it involves citizens of different states and an amount in controversy exceeding the sum of $75,000.00, exclusive of interest and costs.

6.      Venue of this action in the Western District of Texas is proper under 28 U.S.C. § 1391(b)(1) and (b)(2) in that it is the District where Defendant resides and where a substantial part of the events giving rise to this action occurred.

## Background Facts

7.      At the request of Defendant, The Hartford issued the following insurance policies: (a) Workers Compensation Policy No. 46-WEH-AH7FFB for the period of 09/25/2020 to 09/25/2021 (the "Workers Compensation Policy"); and (b) Special Multi-Flex Policy No. 46-UEJ-EF9308 for the period of 09/25/2020 to 09/25/2021 (the "Multi- Flex Policy"). Collectively, the Workers Compensation Policy and the Multi-Flex Policy are referred to as the "Policies."

8.      Pursuant to the Policies, Defendant agreed to pay certain premiums to The Hartford. The premiums were initially estimated based upon information supplied by Defendant and expressly subject to adjustment after an audit of Defendant's applicable books and records at the conclusion of the policy periods.

9. The Hartford conducted an audit of the books and records of Defendant for the Policies which was processed on November 29, 2021. Based upon that audit, it was determined that Defendant owed additional premiums under the Workers Compensation Policy of $83,592.00, and a credit under the Multi-Flex Policy of $5,314.00, for a total net premium owed of $78,278.00 (the "Additional Premiums").

10. On or about August 22, 2022, The Hartford sent to Defendant a demand letter enclosing a Final Invoice for the Additional Premiums owed under the Policies, no part of which has been paid. A true and correct copy of the Final Invoice is annexed hereto as **Exhibit A**.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

11. The Hartford hereby realleges and incorporates by reference each of the allegations set forth above in paragraphs 1 to 11 as if fully set forth herein.

12. Defendant has wrongfully refused to pay the Additional Premiums due under the Polices.

13. The Hartford has fully complied with all of its obligations under the Policies.

14. Defendant breached the terms and conditions of the Policies by failing to pay the Additional Premiums as invoiced.

15. As a result of Defendant's breach of the Policies, The Hartford has been damaged in the sum of $78,278.00 (excluding interest, fees and costs).

### AS AND FOR A SECOND CAUSE OF ACTION
### (Account Stated)

16. The Hartford hereby realleges and incorporates by reference each of the allegations set forth above in paragraphs 1 to 15 as if fully set forth herein.

17. The amount of unpaid Additional Premiums owed by Defendant to The Hartford pursuant to the Policies is $78,278.00.

18. The Final Invoice issued to Defendant (**Exhibit A**) created an express and implied agreement between the parties as to the amount of the Additional Premiums due under the Policies.

19. Defendant received and retained the Final Invoice and did not, contemporaneously or reasonably thereafter, object to or dispute the amounts or charges contained therein and thereby accepted the Invoice.

20. Defendant has wrongfully failed to pay the Additional Premiums as invoiced despite The Hartford's demands for payment.

21. As a result of Defendant's failure to pay the amounts due as invoiced, The Hartford has been damaged in the sum of $78,278.00 (excluding interest, fees and costs).

**AND FOR A THIRD CAUSE OF ACTION**
(<u>Unjust Enrichment / Quantum Merit</u>)

22. Hartford hereby realleges and incorporates by reference each of the allegations set forth above in paragraphs 1 to 21 as if fully set forth herein.

23. The Policies provided Defendant with insurance coverage for the benefit of its employees and business operations.

24. Accordingly, as a matter of equity, Defendant should be held liable for the Additional Premiums owed under the Policies since Defendant directly benefited from the insurance coverage provided by The Hartford.

**WHEREFORE**, Plaintiffs Hartford Underwriters Insurance Company and Twin City Fire Insurance Company hereby demand that a judgment be entered against Defendant T. Yorkman Trucking LLC D/B/A Roadrunner Trucking in the sum of $78,278.00 together with pre- and post-judgment interest thereon, and an award of the fees, costs and expenses incurred by Plaintiffs as applicable, and such other, further, and different relief as the Court may deem just and proper.

279293534v.1

DATED:   February 14 2023                Respectfully submitted,

                                                               WILSON ELSER MOSKOWITZ
                                                               EDELMAN & DICKER LLP

                                                               By:   */s/Thomas M. Spitaletto*
                                                               Thomas M. Spitaletto
                                                               Texas Bar No. 00744679
                                                               Thomas.spitaletto@wilsonelser.com
                                                               WILSON ELSER MOSKOWITZ
                                                               EDELMAN & DICKER LLP
                                                               901 Main Street, Suite 4800
                                                               Dallas, Texas  75202
                                                               214-698-8000 – telephone
                                                               214-698-1101 – fax

                                                               -and-

                                                               Mark G. Ledwin, Esq.
                                                               (Not Admitted in Texas)
                                                               WILSON, ELSER, MOSKOWITZ,
                                                               EDELMAN & DICKER LLP
                                                               1133 Westchester Avenue
                                                               White Plains, NY  10604
                                                               (914) 872-7148 (tel)
                                                               (914) 323-7001 (fax)
                                                               mark.ledwin@wilsonelser.com

                                                               Attorneys for Plaintiffs